UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARSHALL SYLVER, a Nevada resident; MIND POWER, INC., a Nevada corporation, <br><br> Plaintiffs, <br><br> vs. <br><br> EXECUTIVE JET MANAGEMENT, INC., a business transacting business in Nevada, <br><br> Defendant. | Case No.: 2:10-cv-01028-RLH-RJJ <br><br> **O R D E R** <br><br> (Motion to Dismiss–#9) |

Before the Court is Defendant Executive Jet Management, Inc.'s ("Executive Jet") **Motion to Dismiss** (#9), filed August 19, 2010. The Court has also considered Plaintiffs Marshall Sylver and Mind Power, Inc.'s Opposition (#10), filed September 7, 2010, and Executive Jet's Reply (#14), filed September 17, 2010.

## BACKGROUND

This lawsuit involves a dispute over a charter aircraft trip to the Caribbean. The following facts reflect Plaintiffs' allegations unless otherwise stated. Plaintiffs contacted Executive Jet and requested a Gulfstream 200 and were given a price and terms quote for the trip. Plaintiffs then authorized payment based on this quote. However, this quote and contract include

1

the following clause: "Tail numbers and aircraft types are not guaranteed and are subject to change." (#9, Mot. Ex. 1)  When Sylver and his guests arrived at the airport to leave, Executive Jet provided them with a Challenger 601 rather than the requested Gulfstream.  Plaintiffs claim that this aircraft was unsuitable because it was slower and noisier than the Gulfstream, had sounds coming from the engines, and because condensation dripped down form the roof panels and landed on the passengers and their electronics.

Plaintiffs commenced this case on August 6, 2009 in the Eighth Judicial District Court for the State of Nevada.  Executive Jet removed the case to this Court on June 25, 2010 after Plaintiffs amended their complaint to allege damages greater than $75,000.  Plaintiffs sue Executive Jet asserting seven claims: 1) breach of contract, 2) breach of the covenant of good faith and fair dealing, 3) negligent or intentional misrepresentation, 4) negligence, 5) unjust enrichment, 6) negligent or intentional infliction of emotional distress, and  7) violation of the Nevada Deceptive Trade Practices Act.  Executive Jet seeks dismissal of claims 3–7 and dismissal of claim 2 to the extent that it alleges a tortious breach.  Plaintiffs stipulate to dismissal of the emotional distress claims.  For the reasons stated below, the Court grants the motion in part and denies it in part.

**DISCUSSION**

**I.     Legal Standard**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555.  Thus, to survive a motion to dismiss, a

1  complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its
2  face." *Iqbal*, 129 S. Ct. at 1949 (internal citation omitted).

3        In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to
4  apply when considering motions to dismiss.  First, a district court must accept as true all well-pled
5  factual allegations in the complaint; however, legal conclusions are not entitled to the assumption
6  of truth.  *Id*. at 1950.  Mere recitals of the elements of a cause of action, supported only by
7  conclusory statements, do not suffice.  *Id*. at 1949.  Second, a district court must consider whether
8  the factual allegations in the complaint allege a plausible claim for relief.  *Id*. at 1950.  A claim is
9  facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a
10 reasonable inference that the defendant is liable for the alleged misconduct.  *Id.* at 1949.  Where
11 the complaint does not permit the court to infer more than the mere possibility of misconduct, the
12 complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id*. (internal
13 quotation marks omitted).  When the claims in a complaint have not crossed the line from
14 conceivable to plausible, plaintiff's complaint must be dismissed.  *Twombly*, 550 U.S. at 570.

15       Additionally, the "[d]ocuments whose contents are alleged in a complaint and
16 whose authenticity no party questions, but which are not physically attached to the pleading, may
17 be considered in ruling on a Rule 12(b)(6) motion to dismiss." *In re Silicon Graphics Inc. Sec.*
18 *Litig.*, 183 F.3d 970, 986 (9th Cir. 2002) (quoting *Branch v. Tunnell,* 14 F.3d 449, 454 (9th Cir.
19 1994)).  Therefore the Court may and will consider Aircraft Charter Quotation and Credit Card
20 Authorization (Dkt. #9, Ex. 1) and the Aircraft Charter Standard Terms & Conditions (*Id*., Ex. 2).

21 **II.  Analysis**

22       As a preliminary matter the Court notes that Executive Jet concedes that as a claim
23 in the alternative the unjust enrichment claim should not be dismissed yet and that Plaintiffs agree
24 to strike their emotional distress claims.  The Court will address the remaining claims in turn.
25 /
26 /

1         **A.     Breach of the Covenant of Good Faith and Fair Dealing**

2         Executive Jet argues that Plaintiffs allegations can only support a claim for

3 contractual breach of the duty of good faith and fair dealing, not a tortious claim. Plaintiffs claim

4 that they do "not allege the cause of action of Tortious Breach of the Implied Covenant of Good

5 Faith and Fair Dealing, but only the cause of action Breach of the Duty of Good Faith and Fair

6 Dealing." (Dkt. #10, Opp'n 2 n. 1) The Court interprets this to mean that Plaintiffs do not contest

7 Executive Jet's request for the Court to limit the claim to contractual breach. The Court, therefore,

8 limits Plaintiffs claim to a contractual breach.

9         **B.     Negligent or Intentional Misrepresentation**

10         To state a claim for negligent or intentional misrepresentation plaintiffs must allege

11 that they justifiably relied on the alleged misrepresentation. *Bulbman, Inc. v. Nev. Bell*, 825 P.2d

12 588, 592 (Nev. 1992); *G.K. Las Vegas Ltd. P'ship v. Simon Prop. Group, Inc.*, 460 F. Supp. 2d

13 1246, 1262 (D. Nev. 2006). The misrepresentation must also be of a material fact. *Nelson v.*

14 *Heer*, 163 P.3d 420, 426 (Nev. 2007). Plaintiffs allege that Executive Jet misrepresented the type

15 of plane that they would provide for the flight.

16         Plaintiffs fail to allege that they justifiably relied on a misrepresented, material term

17 of the contract. Here, the type of aircraft used could not have been a material term of the contract

18 because the contract expressly states that the type of aircraft was "subject to change." (Dkt. #9,

19 Ex. 1) Generally, materiality is a question of fact, but here the contract essentially states that the

20 type of aircraft is not, and cannot be, a material term because it is subject to change. If a term is

21 subject to change without negotiation or consideration, it is not material. Further, Plaintiffs cannot

22 have justifiably relied on receiving a Gulfstream when the contract expressly stated that the type of

23 plane was subject to change. Therefore, the Court dismisses the claim for negligent or intentional

24 misrepresentation.

25 /

26 /

4

**C.** **Negligence**

To properly plead a claim of negligence, plaintiffs must show that the defendant owed a duty of care to the plaintiff, defendant breached that duty, the breach was cause of the injury, and that plaintiff suffered damage. *Scialabba v. Brandise Constr. Co.*, 921 P.2d 928, 930 (Nev. 1996). Economic interests, if they are protected, are protected by contract principles, not tort. *Giles v. GMAC*, 494 F.3d 865, 879 (9th Cir. 2007) ("Nevada applies the economic loss doctrine to bar recovery in tort for purely monetary harm . . . in negligence cases").

It is unclear from Plaintiffs' complaint what duty of care Executive Jet owed to Plaintiffs. In fact, in their Response Plaintiffs seem to conflate their claim for negligence and their misrepresentation claim. Regardless, any duty to provide a particular type of aircraft was contractually imposed and is protected, if at all, by contract, not tort. So whatever alleged duty of care existed would have to be different. In theory, Executive Jet had a duty to provide a plane that met safety and other regulations, but Plaintiffs make no allegation that this plane did not. In their Response, Plaintiffs state that Executive Jet owed a duty of safety, but they only allege that Sylver and his guests feared that the plane might not be safe, not that anything actually happened that made them unsafe. Fear of breach and actual breach of a duty are different. Also, Executive Jet might have owed a duty to provide a plane that would not damage or harm Plaintiffs, their guests, or their belongings. However, there is no allegation that there was any such damage. Plaintiffs do not even allege that the laptops suffered water damage when the condensation allegedly dripped from the roof panels. Since Plaintiffs do not specify a duty of care in their complaint and, therefore, do not allege a particular breach of the duty of care, the Court dismisses Plaintiffs' negligence claim.

**D.** **Violation of the Nevada Deceptive Trade Practices Act**

For a plaintiff to recover based on consumer fraud under the Deceptive Trade Practices Act, a plaintiff must allege that they reasonably relied on the alleged misrepresentation where it is an affirmative misrepresentation rather than a failure to disclose. *Picus v. Wal-Mart*

5

*Stores, Inc.*, 256 F.R.D. 651, 657–58 (D. Nev. 2009). The misrepresentation must also be material to the transaction. *Id.* The Court previously discussed how the contract at issue expressly states that the type of aircraft was subject to change. Therefore, Plaintiffs could not have reasonably relied on obtaining a Gulfstream rather than a different aircraft. Accordingly, the Court dismisses the deceptive trade practices claim.

### E. Punitive Damages

Because the only claims that remain are contractual in nature, punitive damages are unavailable.

### CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (#9) is GRANTED in part as follows. The claims for negligent or intentional misrepresentation, negligence, negligent or intentional infliction of emotional distress, and violation of the Nevada Deceptive Trade Practices Act are dismissed. Further, the claim for breach of the covenant of good faith and fair dealing is limited to that of a contractual breach, not a tortious breach. The claim for unjust enrichment and breach of contract remain.

Dated: January 3, 2011.

_____
**ROGER L. HUNT**
**Chief United States District Judge**